UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME F. DEERING BEY,

    Petitioner,                                     Civil Action No. 19-12120
                                                          HONORABLE NANCY G. EDMUNDS
                                                          UNITED STATES DISTRICT JUDGE

v.

J.A. TERRIS,

    Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Jerome F. Deering Bey, ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the scoring of his federal sentencing guidelines for his 1997 drug convictions out of the United States District Court for the Northern District of Iowa.

The United States Attorney has moved to hold the petition in abeyance pending the outcome of petitioner's motion for a reduction of sentence under the First Step Act, which was filed recently before the sentencing judge in the Northern District of Iowa and remains pending.

For the reasons that follow, the Court will hold the petition in abeyance and will stay the proceedings during the pendency of petitioner's motion for a sentence reduction in the Northern District of Iowa. The Court will also administratively close the case.

### I. Background

Petitioner has filed a petition for a writ of habeas corpus, claiming that the sentencing judge mis-scored his federal sentencing guidelines.

Petitioner has concurrently filed with this petition a motion for a sentence reduction in the United States District Court for the Northern District of Iowa, which remains pending in that court. *See United States v. Deering Bey,* U.S.D.C. No. 94-21 (N.D. Iowa)(ECF 503).[1] Petitioner in his motion for sentence reduction claims that if his motion is successful, he will be eligible for immediate release from incarceration. (*Id.,* ECF 503-1, PageID.3).

## II. Discussion

The United States Attorney has moved for the current petition to be held in abeyance pending the disposition of petitioner's motion for sentence reduction in the Northern District of Iowa.

A federal court has "broad discretion" to stay its proceedings pending the resolution of an independent proceeding occurring in another forum. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). A federal court has the ability to stay a 2241 habeas petition pending a decision from another court. *See e.g. Bafile v. Thoms*, 15 F. App'x 236, 237 (6th Cir. 2001). A federal district court also has the authority to stay a motion or other proceeding pending the disposition of a motion for sentence reduction in another court. *See United States v. Monus,* 356 F.3d 714, 715 (6th Cir. 2004).

This Court grants the motion to stay the petition (ECF 8) pending the resolution of petitioner's motion for sentencing reduction in the Northern District of Iowa. "[I]f this Court were to proceed in parallel with" the judge in the Northern District of Iowa, "there is a risk of wasting judicial resources if the [sentencing] court might grant relief on [petitioner's] claim." *Thomas v. Stoddard,* 89 F. Supp. 3d 937, 942 (E.D. Mich. 2015). If petitioner is unable to obtain relief in the

---

[1] See ecf.iand.uscourts.gov/. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

sentencing court, he is free to move to reopen the petition as per the terms of the abeyance order as outlined below.

### III. ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. If petitioner is unable to obtain relief on his motion for a sentence reduction, he shall move to reopen his habeas petition within **sixty (60) days** of the conclusion of his motion before the United States District Court for the Northern District of Iowa.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition, the Court will order the Clerk to reopen this case for statistical purposes.

s/ Nancy G. Edmunds_____
**HON. NANCY G. EDMUNDS**
**Dated: October 29, 2019**     **UNITED STATES DISTRICT JUDGE**