**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEROME F. DEERING BEY,

    Petitioner,

                                        Civil Action No. 19-12120
                                        HONORABLE NANCY G. EDMUNDS

v.

J.A. TERRIS,

    Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Jerome F. Deering Bey, ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the scoring of his federal sentencing guidelines as a career offender for his convictions for distributing, possessing with intent to distribute, and aiding and abetting the distribution and possession with intent to distribute, cocaine base (i.e., "crack cocaine"), in violation of 21 U.S.C. § 841(a)(1); and conspiring to distribute, and to possess with intent to distribute cocaine base (i.e., "crack cocaine"), in violation of 21 U.S.C. § 846. For the reasons that follow, the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

**I. Background**

Petitioner was convicted of the above charges in 1997 by a jury in the United States District Court for the Northern District of Iowa. The judge sentenced petitioner as a career offender under the Federal Sentencing Guidelines to concurrent sentences of 360 months.

1

Petitioner's conviction was affirmed on direct appeal. *United States v. Deering*, 179 F.3d 592, 594 (8th Cir. 1999).

Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied. *United States v. Deering,* U.S.D.C. No. 94-21 (N.D. Iowa Jan. 28, 2004); *appeal dism.* No. 04-1441 (8th Cir. Aug. 4, 2004); *cert. den. sub nom Bey v. United States,* 543 U.S. 1075 (2005).[1]

Petitioner has since been denied permission twice by the United States Court of Appeals for the Eighth Circuit to file a successive motion to vacate sentence. *Deering-Bey v. United States*, No. 16-2077 (8th Cir. Sept. 29, 2016); *Deering v. United States,* No. 18-3576 (8th Cir. Feb. 28, 2019).

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. challenging the scoring of his federal sentencing guidelines for his 1997 drug convictions out of the United States District Court for the Northern District of Iowa.

The petition was held in abeyance pending the outcome of petitioner's motion for a reduction of sentence under the First Step Act, which was pending before the sentencing judge in the Northern District of Iowa at the time of the filing of the petition. The motion was ultimately denied. *United States v. Deering-Bey,* U.S.D.C. No. 94-21 (N.D. Iowa June 16, 2020).

The petition has now been reopened to the Court's active docket. The Government filed an answer and petitioner filed a reply.

---

[1] The Court obtained some of the information for petitioner's case history from the Internet Sites for the United States Court of Appeals for the Eighth Circuit and United States District Court for the Northern District of Iowa. *See* www.ca8-ecf.sso.dcn; www.ecf.iand.uscourts.gov. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corporation*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). The Court further notes that petitioner was referred to by different names by the courts in his various court cases, which is reflected in the inconsistency of the names used for petitioner in the different court opinions and orders.

Petitioner claims he was wrongly sentenced as a career offender under the Federal Sentencing Guidelines.

## II. Discussion

Petitioner seeks habeas relief from his federal sentence. Petitioner claims that he was wrongly sentenced under the career offender provisions of the Federal Sentencing Guidelines. In his amended petition, petitioner also seeks to be released to home confinement.

Petitioner was classified as a career offender based on a 1975 Iowa conviction for "robbery with aggravation" (armed robbery)(Sealed Exhibit 1: PSR ¶ 73), two separate 1979 Iowa convictions for first degree robbery (*Id*., ¶ 76, 77), and a federal conviction in 1987 for possession with intent to distribute cocaine (*Id*., ¶ 80). *See Id*., ¶ 86. Petitioner had 16 criminal history points, putting him in Criminal History Category VI even without the career offender determination. (*Id*., ¶ 85). The career offender classification resulted in an offense level of 37 under the Federal Sentencing Guidelines. (*Id*., ¶ 61). The Pre-Sentence Report (PSR) recommended ignoring the career offender guideline and sentencing petitioner based on drug quantity alone because his offenses involved at least 3.007 kilograms of crack, 30.198 kilograms of powder cocaine, and 226.8 grams of heroin, resulting in a base offense level of 38. (*Id.*, ¶¶ 53, 64). With an increase for obstruction of justice, the PSR recommended a total offense level of 40. (*Id.*, ¶¶ 57, 60).

The sentencing judge, however, relied only on the amount of crack charged in the indictment ("more than 5 grams") and did not adopt the PSR's drug quantity recommendation. Instead, the judge sentenced petitioner as a career offender with a total offense level of 37 and Criminal History Category VI, or a guideline range of 360 months to life. (Sealed Exhibit 2: Judgment, Statement of Reasons).

Petitioner alleges that the judge impermissibly used the "residual clause" of the career offender guidelines to sentence him as a career offender. Petitioner argues that his sentence is now invalid based on the Supreme Court cases of *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Dimaya v. Sessions,* 138 S. Ct. 1204 (2018).

A federal prisoner may challenge his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if the post-conviction remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus cannot be used as an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner was procedurally barred from pursuing relief under § 2255, or because the petitioner was denied permission to file a second or successive motion to vacate sentence. *Wooten v. Cauley,* 677 F.3d at 303. Thus, the mere fact that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) might prevent a petitioner from filing a second or successive motion to vacate or set aside the sentence, in the absence of newly discovered evidence or a new rule of constitutional law, does not mean that the remedy provided by such motion is inadequate or ineffective so as to allow the petitioner to seek habeas corpus relief under 28 U.S.C. § 2241. *See Hervey v. United States*, 105 F. Supp. 2d 731, 733 (E.D. Mich. 2000). A habeas petitioner's § 2255 remedy is not

inadequate merely because the petitioner permitted the one year statute of limitations contained in the Antiterrorism of Effective Death Penalty Act (AEDPA) to expire. *Charles,* 180 F.3d at 758.

The Sixth Circuit until recently held that a federal prisoner could not raise a challenge to his sentence under 28 U.S.C. § 2241. *See Gibbs v. United States*, 655 F.3d 473, 479 (6th Cir.2011); *see also United States v. Peterman*, 249 F.3d 458,462 (6th Cir. 2001).

The Sixth Circuit, however, recently modified this rule. In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit held that a federal prisoner may obtain habeas relief under § 2241 based on "a misapplied sentence," if the petitioner establishes "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Id.* at 595. Challenges to a sentencing enhancement as a career offender can be brought under § 2241 through the § 2255(e) savings clause by: "(1) prisoners who were sentenced under the mandatory guidelines regime *pre-United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Id.,* at 599-600.

A defendant is subject to an enhanced sentence under the guidelines if he is a career offender. U.S.S.G. § 4B1.1. The career offender enhancement applies if, among other things, the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).

A crime of violence is defined as:

[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that

5

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

Physical force means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010)(emphasis in original).

Section 4B 1.2(a) includes the so-called "residual clause," under which a conviction qualifies as a crime of violence if the offense "otherwise involves conduct that presents a serious potential risk of physical injury to another." *United States v. Lara*, 590 F. App'x 574, 577 (6th Cir. 2014). Petitioner claims that the sentencing judge relied on the residual clause in finding him to be a career offender under the Federal Sentencing Guidelines.

Petitioner satisfied the first pre-requisite under *Hill* to challenge his sentence enhancement in a § 2241 petition in that petitioner was sentenced under the mandatory guidelines provisions that existed prior to *Booker.* The Court also notes that although *Johnson v. United States,* the primary case relied on by petitioner, involved the residual clause of the Armed Career Criminal Act (ACCA), the Sixth Circuit has held that the holding in *Johnson* applies to the residual clause career offender provisions of the Federal Sentencing Guidelines as well. *United States v. Binford*, 818 F.3d 261, 274 (6th Cir. 2016).

Petitioner, however, has not satisfied the second prong of *Hill.* "*Hill* establishes that sentencing challenges cognizable under § 2241 must be based upon statutory interpretation rather than constitutional law." *Anderson v. Ormond,* 352 F. Supp. 3d 767, 774 (E.D. Ky. 2018)*, appeal dismissed,* No. 19-5010, 2019 WL 1503055 (6th Cir. Feb. 19, 2019). Petitioner's claim rests on

his allegation that the sentencing judge used the residual clause of the sentencing guidelines to sentence petitioner as a career offender. Petitioner bases his claim primarily on the Supreme Court cases of *Johnson v. United States, supra,* and *Dimaya v. Sessions, supra.* The Supreme Court in *Welch v United States,* 136 S. Ct. 1257, 1263-68 (2016) held that *Johnson* involved a new rule of substantive law that is retroactively applicable to cases on collateral review and thus can be asserted as a ground for relief in a second or successive § 2255 motion pursuant to 28 U.S.C. § 2255(h)(2)). "Because *Welch* established that a *Johnson* (2015) claim could be pursued in a second or successive motion under § 2255(h)(2), resort to § 2241 to assert a *Johnson* (2015) claim is impermissible." *Anderson v. Ormond*, 352 F. Supp. 3d at 774.

Finally, and most importantly, petitioner failed to show that the sentencing judge relied on the residual clause of the Federal Sentencing Guidelines to sentence petitioner as a career offender.

Common law robbery is categorically a crime of violence under the elements clause because force or the threatened use of force is required to commit the offense. *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019). All forms of robbery under Iowa law have met the Armed Career Criminal Act (ACCA) definition of violent felony since at least 1971. *Einfeldt v. United States*, 2018 WL 10124648, at *5–7 (N.D. Iowa Sept. 10, 2018). Under current Iowa law, "A person commits robbery in the first degree when, while perpetrating a robbery, the person purposely inflicts or attempts to inflict serious injury, or is armed with a dangerous weapon." Iowa Code Ann. § 711.2. "Robbery with aggravation," a prior version of § 711.2, required that the robber or an accomplice be armed with a dangerous weapon. *Einfeldt* at *5. Petitioner has three prior convictions for first degree or aggravated robbery, all of which qualify as crimes of violence without reliance on the residual clause, as well as a prior conviction for a controlled substance

7

offense. Petitioner had three prior convictions that qualified as crimes of violence under the Career Offender provisions of the Sentencing Guidelines, plus a prior controlled substance conviction.

Petitioner is not entitled to habeas relief because he failed to show that the sentencing judge relied upon the residual clause of the Federal Sentencing Guidelines to sentence him as a career offender. *See e.g. Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018).

Petitioner also requests release to home confinement.

Under 18 U.S.C. § 3621(b), the Bureau of Prisons, not the judiciary, "is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). Petitioner "enjoys no statutory or constitutionally protected right, or entitlement, to transfer to…home confinement." *Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016). Petitioner is not entitled to habeas relief on this claim. *Id.*

### III. ORDER

**IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court will grant petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. See *Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

s/ Nancy G. Edmunds  
HONORABLE NANCY G. EDMUNDS  
Dated: October 14, 2020    UNITED STATES DISTRICT JUDGE