UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME F. DEERING BEY,

    Petitioner,

v.                                                                               Case No. 19-12120
                                                                             Honorable Nancy G. Edmunds

J.A. TERRIS,

    Respondent.

_____/

### ORDER ON REMAND MODIFYING THE ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

This case is on remand from the United States Court of Appeals for the Sixth Circuit. Jerome F. Deering Bey, ("Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenged the scoring of his federal sentencing guidelines as a career offender for his convictions of distributing, possessing with intent to distribute, and aiding and abetting the distribution and possession with intent to distribute cocaine base ("crack cocaine"), and conspiring to distribute, and to possess with intent to distribute crack cocaine. This Court denied the petition with prejudice. *Bey v. Terris*, No. 19-12120, 2020 WL 6060486 (E.D. Mich. Oct. 14, 2020).

The Sixth Circuit affirmed this Court's decision but remanded the matter to this Court to modify its earlier order to specify that the dismissal of the petition was because this Court lacked subject matter jurisdiction over the case. *Bey v. Terris,* No. 20-2157 (6th Cir. Aug. 25, 2021).

"Section 2255(e) limits district courts' subject-matter jurisdiction. A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner

1

could seek relief under section 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

At the time that this Court issued its opinion, the Sixth Circuit had not yet issued the *Taylor* decision, as the Sixth Circuit notes in its remand order. *Bey v. Terris,* No. 20-2157, *5. In light of the subsequent ruling in *Taylor* along with the Sixth Circuit's directive in the remand order, this Court modifies its earlier decision and clarifies that the petition for a writ of habeas corpus is dismissed for lack of subject matter jurisdiction because petitioner failed to show that his claims fell within the savings clause under Section 2255 which would allow him to seek habeas relief via § 2241.

IT IS HEREBY ORDERED that the Court's Opinion and Order Denying the Petition for a Writ of Habeas Corpus from October 14, 2020 is MODIFIED. The petition is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

<u>s/ Nancy G. Edmunds</u>
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: October 28, 2021